# MINUTES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

12/22/2005  4:30 pm

SUE BEITIA, CLERK

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 04-00101JMS-LEK |
| CASE NAME: | Linda Morishige vs. Matson Navigation Company, Inc., et al. |

ATTYS FOR PLA:

ATTYS FOR DEFT:

INTERPRETER:

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: | |
| DATE: | 12/22/2005 | TIME: | |

COURT ACTION:  EO: COURT ORDER:  DISCOVERY ORDER RE INSURANCE POLICY AND ADDITIONAL INTERROGATORIES

      Before the Court is Plaintiff Linda Morishige's ("Plaintiff") request to compel Defendant Matson Navigation ("Defendant") to produce insurance information related to Defendant's self-insured retention or deductible applicable to the claims in the instant action, and to provide responses to interrogatory requests 48 through 60.  Defendant objects to producing the insurance information related to the deductible on the grounds that "the request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence."  [Def.'s 09/06/05 Letter at 5.]  As to interrogatory requests 48 through 60, Defendant submits that Plaintiff has exceeded the parties' agreed upon limit of 75 interrogatories by including numerous sub-parts in these interrogatories.  [Id. at 4-5.]  Both parties admit that the parties agreed to a discovery plan that included a limit of 75 interrogatories.  [Id. at 2; Pl.'s 09/06/05 Letter at 5.]

      Pursuant to LR37.1(c), Plaintiff and Defendant submitted their letter briefs regarding the discovery dispute on September 6, 2005.  Defendant National Steel and Shipbuilding Company, Inc., in its letter of September 2, 2005, states that it takes no position with respect to the discovery dispute.  Neither Plaintiff nor Defendant certified, as required by LR37.1(c), that the parties met and conferred in a good faith effort to resolve this dispute.  The parties are reminded of this obligation for any future submissions.

For the reasons stated below, the Court hereby denies Plaintiff's discovery requests.

Plaintiff argues that Defendant's refusal to provide insurance information in response to the interrogatory request which asks for the "self-insured retention or deductible in this case" directly violates Fed. R. Civ. P. 26. [Pl.'s 09/06/05 Letter at 1.] Defendant disagrees, and states that Fed. R. Civ. P. 26's obligation "with regard to [disclosing] its insurance coverage is limited to offering the applicable insurance agreement for inspection." [Def.'s 09/06/05 Letter at 6 (citing Wegner v. Cliff Viessman, Inc., 153 F.R.D. 154 (N.D. Iowa 1994)).]

Rule 26(a)(1)(D) requires a party to submit, "for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(D). Rule 26(a)(1)(D) replaced the former Rule 26(b)(2) in the 1993 amendments to the Federal Rules of Civil Procedure. The purpose of the rule is to "enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation." Fed. R. Civ. P. 26(b)(2) advisory committee's note (1970 Amendment). Under Rule 26(a)(1)(D), the party must produce a copy of the insurance agreement itself. See Wegner v. Cliff Viessman, Inc., 153 F.R.D. 154, 160 (N.D. Iowa 1994). A request for additional insurance information must pass the Rule 26(b)(1) relevancy standard.

The Court is unable to glean the relevancy from Plaintiff's request for the self-retention amount or deductible in this matter and, therefore, on the assumption that Defendant has already produced the entire insurance agreement itself, Plaintiff's request to compel the production of such additional information is hereby DENIED.

Turning to Plaintiff's request to serve additional interrogatories, Rule 33(a) governs the availability of written interrogatories to be served on parties. The rule provides in pertinent part that "[w]ithout leave of court or written stipulation, any party may serve upon any other party written interrogatories, **not exceeding 25 in number including all discrete subparts** . . . . Leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2)." Fed. R. Civ. P. 33(a) (emphasis added). The parties have agreed to a total of 75 interrogatories, which include any subparts. Plaintiff has greatly exceeded this number and thus the Court therefore construes Plaintiff's request to compel as a request for additional interrogatories.

In general, the Court favors the use of interrogatories as such discovery typically employs the least expensive and intrusive means. Plaintiff in this matter has already extensively used interrogatories in discovery submitted to date and now seeks an additional number of at least 12 interrogatories. Rule 26(b)(2) allows courts to alter the limitation on the number of interrogatories by taking into consideration whether:

(i) the discovery sought is unreasonably cumulative or duplicative, or

>is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2). It would appear from the submissions that the information being sought would be more efficiently obtained by way of a deposition of a Rule 30(b)(6) witness, rather than additional interrogatories.

      Plaintiff's request for additional interrogatories is therefore DENIED.

      **IT IS SO ORDERED.**

Cc: all counsel

Submitted by: Warren N. Nakamura, Courtroom Manager